UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

June 11, 2021

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Flexsteel Pipeline Technologies, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-18-2351 |
| | § | |
| Offshore Pipelines and Risers, | § | |
| (OPR) Inc., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.      *Background.*

Flexsteel Pipeline Technologies, Inc., makes and installs flexible steel pipes. In 2004, it was issued United States Patent 6,705,351 for its technology.

Qiang Bai is an oilfield engineer. He collaborated with his brother, Yong Bai – a professor who works for Offshore Pipelines and Risers, Inc. – on a textbook on engineering pipes.

On July 9, 2018, Flexsteel sued Qiang Bai for: (a) direct patent infringement, (b) indirect patent infringement, and (c) trade secret misappropriation. Bai has moved for summary judgment. He will prevail.

2.      *Direct Patent Infringement.*

To succeed on a direct patent infringement claim, Flexsteel must show that Bai: (a) made, used, offered to sell, or sold their patented flexible steel pipe (b) without authority (c) within the United States.[1]

Flexsteel gives no evidence that Bai made, used, or sold their pipes in the United States. It says that Bai offered the pipes for sale at the 2018 and 2019

---

[1] 35 U.S.C § 271(a).

Offshore Technology Conference exhibitions in Houston. Flexsteel cannot show that Bai was actually present at the conference or identify a specific offer for sale that he made.

Flexsteel's sole response to Bai's motion for summary judgment on this issue is its allegation that Bai purposefully destroyed his telephone. It insists hat this creates a genuine fact issue. Assuming that the forensic report about the telephone is admissible, merely speculating that the phone *might* have had evidence of infringement is inadequate. Flexsteel has no evidence of Bai's culpability over the telephone being damaged nor what might have been on the telephone. Conspiracy theories are not evidence.

Flexsteel's direct infringement claim fails.

3.    *Indirect Patent Infringement.*

To succeed on an indirect patent infringement claim, Flexsteel must show that Bai: (a) took affirmative acts to cause direct infringement by others, and (b) knew that the others' acts were directly infringing the '351 patent.[2] Flexsteel must have evidence of direct infringement by others.[3]

The sole acts of Bai that Flexsteel alleges were the sale offers at the conferences. It again gives no evidence that Bai was at the conferences or that he actually made an offer. Flexsteel does not offer evidence that Bai was even aware of the '351 patent before this case or direct infringement by a third party.

Flexsteel's indirect patent infringement claim fails.

---

[2] *TecSec, Inc. v. Adobe, Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020).

[3] *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014).

4.    *Trade Secret Misappropriation.*

To succeed on a trade secret misappropriation claim, Flexsteel must show that: (a) its trade secret existed; (b) Bai acquired it by breaching a confidential relationship or discovered it by improper means; and (c) he used it without their authorization.[4]

Flexsteel says that it has three relevant trade secrets: (a) the modifications that it made to the machine that creates its pipes; and (b) two about the flexible steel pipes themselves.

Flexsteel gives no evidence that Bai was aware of the machine's modifications or used any information about the modifications. Its best attempt is to blanketly assert that Bai is tied to Offshore – but gives no facts to explain.

Flexsteel argues that Bai improperly disclosed the two trade secrets about its pipes in a 2017 textbook of which he was associated. Bai's role was as an English editor while the chapters were largely written by his brother's graduate students.

Bai claims that the same secrets were publically disclosed in a paper within the technical journal, Composite Structures, in early 2016 – of which Bai was not affiliated. Flexsteel counters with a speculative chronology to argue that Bai was aware of the secrets and may have disclosed them before the paper. This is clearly insufficient.

If the court believed that the secrets were not previously disclosed to the public, Flexsteel still gives weak – at best – evidence of how Bai would have improperly acquired its trade secrets and no evidence that he would have known that the information was Flexsteel's trade secrets. Flexsteel just speculates a chain of seven transactions – relying predominately on circumstantial evidence – to show how Bai could have gotten its trade secrets. It is clear that Flexsteel has confused its burden of proving this case that it brought. It is not Bai's burden to show he is not liable.

---

[4] *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 600 (5th Cir. 2015).

This court would be remiss to not mention Flexsteel's attempt to create a fact issue by pointing to Bai's use of an English to Chinese translator during his deposition and Bai being an English editor of the textbook. This is offensive, ignorant, and fundamentally unacceptable in civilized society. It is common for people to want a translator in their dominant language present during depositions because of their binding impact in lawsuits.

Flexsteel's trade secret misappropriation claim fails.

5.    *Conclusion.*
Flexsteel Pipeline Technologies, Inc., will take nothing from Qiang Bai.

Signed on June ___//___, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge