UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**
June 29, 2021
Nathan Ochsner, Clerk

Flexsteel Pipeline Technologies, Inc., §
§
Plaintiff, §
§
versus §  Civil Action H-18-2351
§
Offshore Pipelines and Risers, §
(OPR) Inc., et al., §
§
Defendants. §

## Opinion on Dismissal

1. *Background.*

    Flexsteel Pipeline Technologies, Inc., makes and installs flexible steel pipes. In 2004, it was issued United States Patent 6,705,351 for its technology.

    Yong Bai is an engineer, professor, and owner of Offshore Pipelines and Risers, Inc., and OPR Offshore Engineering Co., LTD.

    On July 9, 2018, Flexsteel sued Bai and Offshore for: (a) direct patent infringement, (b) indirect patent infringement, and (c) trade secret misappropriation. The defendants have moved to dismiss. They will prevail.

2. *Direct Patent Infringement.*

    To state a claim for direct patent infringement, Flexsteel must have adequately pleaded facts that Bai and Offshore: (a) made, used, offered to sell, or sold their patented flexible steel pipe (b) without authority (c) within the United States.[1]

---

[1] 35 U.S.C § 271(a).

Flexsteel says that Bai and Offshore attended the 2018 Offshore Technology Conference in Houston where they offered to sell their infringing pipes through marketing brochures.

Flexsteel has pleaded largely legal conclusions with a series of assumptions that the court would have to make to find that it has adequately stated a claim. Flexsteel merely concludes that the brochure was an offer for sale. No price was given. It just speculates that an infringing design was in the brochure. The brochure was simply an advertisement – not an offer for sale – for potential customers to decide what pipes they desired.

Flexsteel's direct patent infringement claim will be dismissed.

3. *Indirect Patent Infringement.*

To state a claim for indirect patent infringement, Flexsteel must have adequately pleaded facts that Bai and Offshore: (a) took affirmative acts to cause direct infringement by others, and (b) knew that the others' acts were directly infringing the '351 patent.[2]

Flexsteel has again pleaded with legal conclusions. It gives no facts of direct infringement by a third-party that was caused by Bai or Offshore.

Flexsteel's indirect patent infringement claim will be dismissed.

4. *Trade Secret Misappropriation.*

To state a claim for trade secret misappropriation, Flexsteel must have adequately pleaded facts that: (a) its trade secret existed; (b) Bai and Offshore acquired it by breaching a confidential relationship or discovered it by improper means; and (c) they used it without authorization.[3]

---

[2] *TecSec, Inc. v. Adobe, Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020).

[3] *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 600 (5th Cir. 2015).

Flexsteel says that it has three relevant trade secrets: (a) the modifications that it made to the machine that creates its pipes; and (b) two about the flexible steel pipes themselves.

Flexsteel insists that Bai and Offshore discovered the secrets through a long series of transactions involving the machine.

Flexsteel has pleaded largely legal conclusions and vague assumptions for this claim. It speculates that Bai and Offshore improperly discovered the secrets through five transactions but gives not facts that they were aware of the secrets. Conspiracy theories do not state a claim.

Flexsteel's attempts to argue that its trade secrets in the pipes themselves were disclosed in the 2017 textbook are also unavailing. The chapters of the textbook were researched and written by Bai's graduate students. Bai's role as editor cannot form the basis for misappropriation.

Flexsteel's conclusory assertion that Bai and Offshore used its trade secrets to create and sell infringing pipes is inadequate to state a claim.

Flexsteel's trade secret misappropriation claim will be dismissed.

5. *Conclusion.*

The claims of Flexsteel Pipeline Technologies, Inc., against Yong Bai, Offshore Pipelines and Risers, Inc., and OPR Offshore Engineering Co., LTD, will be dismissed.

Signed on June 29, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge